IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY H. BECK, | No. C-05-0798 MMC |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; VACATING HEARING** |
| v. | |
| FORT JAMES CORPORATION, et al., | |
| Defendants / | |

Before the Court is defendants Fort James Corporation, Fort James Operating Company, Fort James Fiber Company, and Fort James International Holdings, Ltd.'s (collectively, "Fort James") motion for summary judgment, filed October 13, 2006, pursuant to Rule 56 of the Federal Rules of Civil Procedure. On October 27, 2006, plaintiff Jeffrey H. Beck filed opposition, and, on November 3, 2006, Fort James replied. Thereafter, on November 21, 2006, in accordance with the Court's order of November 14, 2006, plaintiff filed supplemental opposition. Having reviewed the papers filed in support and in opposition to the motion, the court deems the matter appropriate for decision on the papers, VACATES the hearing scheduled for December 15, 2006, and rules as follows:

1. By the instant action, plaintiff seeks a declaration that Fort James's counterclaim for attorney's fees in Crown Paper Co. v. Fort James Corp., C-02-3838, constitutes a pre-petition claim. In the instant motion for summary judgment, Fort James argues the above-

titled action is barred by the doctrine of collateral estoppel, based on the Court's ruling in a related case, Crown Paper Liquidating Trust v. PricewaterhouseCoopers, et al., C 02-3836 MMC.  Although the Court disagrees that its earlier ruling has collateral estoppel effect, the Court, for the reasons stated in said related action, (see id., Order Granting Def. Houlihan's Mot. for Award of Attorney's Fees, filed March 30, 2005, at 4:14-23), finds, as a matter of law, that the above-referenced counterclaim does not constitute a pre-petition claim.

Accordingly, Fort James's motion for summary judgment is hereby GRANTED.

2.  By the instant action, plaintiff seeks against McGuireWoods, LLP ("McGuireWoods") the same declaratory relief plaintiff seeks against Fort James. Although, unlike Fort James, McGuireWoods has not filed a dispositive motion, McGuireWoods stands in the same position as Fort James with respect to the claim alleged herein, and, consequently, plaintiff's claim against McGuireWoods is "appropriate for sua sponte summary judgment."  See Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery, 44 F. 3d 800, 803 (9th Cir. 1995)) (affirming summary judgment in favor of nonmoving defendant where same issues "controll[ed]" determinations as to moving and nonmoving parties).

Accordingly, summary judgment is hereby GRANTED in favor of McGuireWoods.

**IT IS SO ORDERED.**

Dated: December 12, 2006

MAXINE M. CHESNEY
United States District Judge

2